> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022[*]
Decided February 18, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2758

| | |
|---|---|
| JILL OTIS,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | 21-C-955 |
| LISA MANSKE and LORI SALEY,<br>　　*Defendants-Appellees*. | William C. Griesbach,<br>*Judge*. |

## O R D E R

The Wisconsin Housing and Economic Development Authority terminated Jill Otis's rent voucher based on a hearing officer's finding that she made death threats to a neighbor and committed other crimes. Otis sued the officer and a property manager

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellate brief and record adequately present the facts and legal arguments and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

under 42 U.S.C. § 1983, alleging that the hearing did not afford her due process. The district court dismissed her amended complaint for failure to state a claim. We affirm.

Federal law permits state housing agencies to terminate assistance to Section 8 tenants—so named for Section 8 of the Housing Act of 1937—who engage in "criminal activity" that threatens the "safety" or "right to peaceful enjoyment of other residents." 24 C.F.R. §§ 982.551(l), 982.553(b)(2). The termination hearing may be "informal"; the rules of evidence for court proceedings do not apply; the tenant may call and question witnesses; and the disqualifying criminal activity need not have led to an arrest, let alone a conviction. *Id.* at §§ 982.555(e), 982.553(c).

Five days after Otis's informal hearing, the presiding officer sent her a letter confirming that her voucher was terminated for criminal activity—including death threats to a neighbor. Those threats had triggered a disorderly-conduct citation and a temporary restraining order, though not a conviction.

Within weeks of the termination, Otis filed a three-page federal complaint: one page mentioning an unspecified disability and stating there was "no proof" of crime, plus a two-page copy of the hearing officer's letter with Otis's handwritten notations. These notations labeled the accusations "lies" and denied that Otis had been convicted. Because Otis sought to litigate without prepaying fees, a magistrate judge screened the complaint under 28 U.S.C. § 1915(e)(2). He dismissed it without prejudice because Otis had not yet identified a specific procedure that the defendants should have followed.

Otis then filed an amended complaint. This time she alleged that the neighbors who accused her of crimes were not present at the hearing; the only attendees besides her and the hearing officer were two property managers. Otis opined that the hearing was unfair, that the housing authority should have produced all accusers as live witnesses (rather than relying on hearsay and written reports), and that only a conviction could support termination. She also averred that the hearing violated six (unspecified) regulations and attached a hospital printout listing a history of health problems and an emergency-room visit for abdominal pain.

Once again, the magistrate judge concluded that Otis failed to state a claim, observing that the regulations permit hearsay evidence and do not require a criminal conviction. This time, however, he recommended dismissing the case with prejudice. Otis objected on the broad ground that she "did not have a fair hearing." But the district court adopted the magistrate judge's recommendation and dismissed the action, prompting this appeal.

At the outset we assume, for purposes of the Due Process Clause, that Otis had a property interest in continuing to receive benefits. *See Holbrook v. Pitt*, 643 F.2d 1261, 1277 (7th Cir. 1981). And we assume that the hearing officer's and property manager's involvement in the termination hearing makes them state actors who could be sued under § 1983 or another federal cause of action.

Even so, the thrust of Otis's appellate brief is that the neighbors who accused her of crimes lied to police and housing officials. An allegation that those private citizens lied is not an allegation of wrongdoing by the hearing officer or property manager, so it is not a claim against these defendants.

Otis's brief also insists that her voucher could not be terminated for criminal activity without a conviction. But that view contradicts the regulations: not even an arrest is needed, 24 C.F.R. § 982.553(c); it is enough that the hearing officer found, by a preponderance of the evidence, that Otis made criminal threats impairing the "safety" or "right to peaceful enjoyment of other residents." *Id.* at § 982.551(l).

To be sure, the evidence appears to have included hearsay—but the regulations expressly permit evidence that would be inadmissible in judicial proceedings. *Id.* at § 982.555(e)(5). Meanwhile, Otis does not allege that she was barred from offering her own narrative, seeking her own witnesses, or presenting any other evidence. (For what it is worth, her appellate brief refers to the hearing officer's viewing of a video of one incident, too.)

If Otis means to say that the regulations themselves violate the Due Process Clause, her appellate brief cites no authorities and develops no cogent argument on that point, so we see no grounds to reverse the district court's decision. *See* FED. R. APP. P. 28(a)(8); *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) (undeveloped or unsupported arguments are waived); *cf. generally Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (prescribing three-factor interest-balancing test for measuring public-benefit procedures against due process); *Holbrook*, 643 F.2d at 1280-81 (discussing factors that may define due process for housing vouchers).

Finally, we have considered Otis's other contentions, but none has merit.

AFFIRMED